690 A.2d 181

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Lakshmi NADGIR, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 1996.

Decided Feb. 20, 1997.

---

Jean B. Green and Donald J. Martin, Norristown, for Nadgir.

Mary MacNeil Killinger and Patricia E. Coonahan, Norristown, for Commonwealth.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## ORDER

PER CURIAM.

Appeal dismissed as having been improvidently granted.

ZAPPALA, J., files a dissenting opinion in which CAPPY, J., joins.

ZAPPALA, Justice, dissenting.

I must dissent from the decision of this Court to dismiss this matter as improvidently granted. I would reverse the decision of the Superior Court and hold that 18 Pa.C.S. § 102 requires the Commonwealth to present evidence of the law of the jurisdiction where the crimes underlying conspiracy and solicitation charges were to be committed. This evidence is necessary to establish that Appellant was in fact conspiring to commit or soliciting the commission of *a crime*, as defined in the jurisdiction where the offense was to occur.

The record establishes that Appellant, Lakshmi Nadgir, a gynecologist in Bryn Mawr, Pennsylvania, became acquainted with Pennsylvania State Police Trooper David Smalls. Appellant subsequently offered to pay for Small's airfare and accommodations if he would accompany her to India and "harm her husband." Smalls declined. He later informed his supervisor of the offer, and was instructed to discover whether Appellant was serious about executing her plan. After Appellant re-

peatedly requested Small's assistance, her telephone lines were tapped. Conversations were recorded during which Appellant stated that her husband had stolen five million dollars from her, that she wanted someone to travel to India to locate him to retrieve the money and, if unsuccessful, to "hit him hard" and give him the "third degree."

A few days later, Smalls, wearing a body wire, and Trooper Steven Davis, a purported "contact," met with Appellant in her hotel room. She reiterated that she wanted her husband located for the purposes of finding the stolen money and that she wanted him "hurt." She also wanted her brother-in-law, her daughter's boyfriend, and her business manager to receive "similar treatment." [1] She agreed to pay Davis $10,000, and stated that she would make the flight arrangements for July 26, 1993.

On July 23, 1993, Appellant notified Smalls that due to a change in schedule, the flight was to leave that day. She further stated that she wanted to meet with Smalls and Davis at her hotel room to supply them with additional information. When the troopers arrived at the hotel, Appellant had her luggage ready and was prepared to execute the plan. She was then arrested. A search revealed a photograph of her husband, a list of names and addresses, airline tickets to India and $3,000.00 cash.

A jury trial was held and Appellant testified that her husband had married another woman in India and had secreted substantial sums of money she had sent to him. He had also taken second and third mortgages on their real estate and had not paid federal taxes for several years. Appellant stated that she knew Smalls and Davis were police officers and that she hired them not as "hit men," but rather as collection agents. It is undisputed that the Commonwealth presented no evidence concerning the law of any foreign jurisdiction.

Appellant was convicted of conspiracy and solicitation to commit aggravated assault on her brother-in-law, but was

1. Appellant's brother-in-law and her daughter's boyfriend resided in India, while her business manager resided in Singapore.

acquitted of conspiracy and solicitation charges with regard to her husband, her business manager and her daughter's boyfriend. Post-verdict motions were denied,[2] and Appellant was sentenced to one year probation for conspiracy. Pursuant to 18 Pa.C.S. § 906,[3] no further penalty was imposed for solicitation. Finding the analysis of the trial court to be well-reasoned, the Superior Court affirmed the judgment of sentence in a judgment order.

We granted allocatur to determine whether 18 Pa.C.S. § 102, which establishes the court's territorial jurisdiction, requires the Commonwealth to present evidence of the law of the foreign jurisdiction where the crimes underlying a conspiracy and solicitation are to be committed. Section 102(a) provides as follows:

§ 102. **Territorial applicability.**

(a) **General rule.**—Except as otherwise provided in this section,[4] a person may be convicted under the law of the Commonwealth of an offense committed by his own conduct or the conduct of another for which he is legally accountable if either:

(1) the conduct which is an element of the offense or the result which is such an element occurs within this Commonwealth;

(2) conduct occurring outside this Commonwealth is sufficient under the law of this Commonwealth to constitute

---

**2.** Appellant argued that the trial court erred by denying her motion for judgment of acquittal on the grounds of lack of jurisdiction, insufficiency of the evidence and irreconcilable verdicts. She also contended that the trial court erred by precluding testimony of her susceptibility to police conduct and by refusing to instruct the jury as she requested.

**3.** That section provides that a "person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S. § 906.

**4.** Paragraph (b) of § 102 provides that (a)(1) "does not apply when causing a particular result is an element of an offense and the result is caused by conduct occurring outside this Commonwealth which would not constitute an offense if the result had occurred there, unless the actor intentionally or knowingly caused the result within this Commonwealth."

an attempt to commit an offense within this Commonwealth;

(3) conduct occurring outside this Commonwealth is sufficient under the law of this Commonwealth to constitute a conspiracy to commit an offense within this Commonwealth and an overt act in furtherance of such conspiracy occurs within this Commonwealth;

(4) conduct occurring within this Commonwealth establishes complicity in the commission of, or an attempt, solicitation or conspiracy to commit, an offense in another jurisdiction which also is an offense under the law of this Commonwealth;

(5) the offense consists of the omission to perform a legal duty imposed by the law of this Commonwealth with respect to domicile, residence or a relationship to a person, thing or transaction in this Commonwealth; or

(6) the offense is based on a statute of the Commonwealth which expressly prohibits conduct outside this Commonwealth when the conduct bears a reasonable relation to a legitimate interest of this Commonwealth and the actor knows or should know that his conduct is likely to affect that interest.

18 Pa.C.S. § 102.

Only subsections (a)(1) and (a)(4) are relevant to our discussion.[5] The lower courts relied on subsection (a)(1), finding that Appellant's conduct, which occurred in Pennsylvania, satisfied the elements of the offenses of conspiracy and solicitation. The Crimes Code provides that one is guilty of conspiracy if, with the intent of promoting or facilitating the commission of a crime, he agrees with another to engage in conduct which constitutes a crime or an attempt to commit a crime, or agrees to aid in the planning of such crime. 18

---

5. Subsections (a)(2) and (a)(3) are inapplicable since they concern conduct occurring outside the Commonwealth. Similarly, subsection (a)(6) is based on violations of statutes prohibiting conduct outside the Commonwealth. Appellant's conduct took place wholly in Pennsylvania. Subsection (a)(5) also does not apply as it refers to the failure to perform a legal duty.

Pa.C.S. § 903. Similarly, one is guilty of criminal solicitation if, with the intent of promoting or facilitating the commission of a crime, he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime. 18 Pa.C.S. § 902.

I would hold that § 102(a)(1) does not confer jurisdiction as it does not apply to inchoate crimes such as solicitation and conspiracy. Otherwise, § 102(a)(4), which specifically deals with such crimes, is unnecessary. See 1 Pa.C.S. § 1922(2) (a statute must be construed to give effect to all of its provisions). Moreover, I would hold that to establish jurisdiction under § 102(a)(4) the Commonwealth was required to present evidence that what Appellant requested Smalls and Davis to do constituted a crime under the laws of India.

Section 102(a)(4) gives the court territorial jurisdiction over conduct occurring within this Commonwealth which establishes "complicity in the commission of, or an attempt, solicitation or conspiracy to commit, *an offense in another jurisdiction* which is also an offense under the law of this Commonwealth." (Emphasis added.) The phrase "is *also* an offense under the law of this Commonwealth," implies that the intended result of the inchoate crime must be an offense in the jurisdiction where the act is to be completed. Examining § 102 in its entirety, it appears that the legislature did not intend to criminalize the planning of activity which, although an offense in Pennsylvania, may be legal in another jurisdiction.

Because the Commonwealth failed to establish any of the subsections of § 102, the common pleas court lacked jurisdiction over the matter. Appellant's motion for acquittal on the grounds of lack of jurisdiction therefore should have been granted. Accordingly, I would reverse the order of the Superior Court and vacate Appellant's convictions.

CAPPY, J., joins this Dissenting Statement.